```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

JAMES K. DAVIS and SHANA DAVIS    :    CIVIL ACTION
                                  :
         v.                       :
                                  :
                                  :
CITY OF CHESTER, *et al.*         :    NO. 08-3913

**MEMORANDUM**

Fullam, Sr. J.                                September 9 , 2009

On February 15, 2007, the plaintiff James Davis slipped and fell on an icy sidewalk in the City of Chester. He sued the City and Amtrak, alleging state-law tort claims. Both defendants have moved for summary judgment.

The sidewalk where Mr. Davis fell is under a railroad bridge near the intersection of Avenue of the States and Sixth Street in the City of Chester, and was installed by the City as part of a local improvement project that the plaintiffs refer to as a plaza. A train station that Amtrak leases to Septa is across the street from the site of the fall.

**The City of Chester**

The City may not be held liable unless it has waived sovereign immunity; that is, unless the claim arose under one of the exceptions included in the Pennsylvania Political Subdivision Tort Claims Act. The plaintiffs argue that one of three exceptions applies: the real property exception, the street

exception, or the sidewalk exception.  See 42 Pa. C.S. § 8542(b)(3),(6),(7). None of these exceptions applies here.

The real property exception does not apply to sidewalks.  Reid v. City of Philadelphia, 957 A.2d 232, 233-34 (Pa. 2008).  The plaintiffs posit that the real property exception applies because of what they describe as the faulty design of the plaza, in that an overhanging railroad bridge allowed melting snow to fall onto the plaza and freeze and blocked the sun so that the snow and ice remained frozen longer. On a motion to dismiss, these allegations might suffice, but this is summary judgment, and there is no evidence in the record that the design of the plaza or the existence of the railroad bridge created a dangerous condition.

The street exception manifestly does not apply.  The plaintiff argues that before the improvement project the sidewalk had been part of the street, but there is no dispute that Mr. Davis fell on what is now a sidewalk.  Finally, for the sidewalk exception to apply, the cause of the fall must be an artificial condition or defect of the sidewalk; ice and snow don't count, even if, as the evidence tends to show, City employees often cleared the sidewalk.  Cohen v. City of Philadelphia, 847 A.2d 778 (Pa. Commw. Ct. 2004).  As no exception applies, the City cannot be held liable.

**Amtrak**

Amtrak argues that it does not own or control the sidewalk; that it has no liability for an abutting sidewalk unless that sidewalk provides some benefit to it; and that federal law preempts any state-law tort claims.  I need not decide the ownership issue, because even if Amtrak could be determined to be the owner of the sidewalk (and the sidewalk was not part of the lease to Septa), there is no evidence that the sidewalk conferred a benefit upon Amtrak.  See <u>Linn v. Consolidated Rail Corporation</u>, 690 WDA 2000 (Pa. Super. Ct. Dec. 6, 2000) (unpublished) (affirming a grant of summary judgment to Conrail where the plaintiff fell on a sidewalk abutting Conrail's tracks, and there was "no evidence that the sidewalk upon which Mr. Linn fell benefited a station or platform.").  There is no evidence that Amtrak had control over the sidewalk (which was created from the street when the City constructed the plaza)and its location across the street from the station confers no benefit on Amtrak.

An appropriate order will be entered.

BY THE COURT:


/s/ John P. Fullam
Fullam,           Sr. J.