```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

```
JAMES K. DAVIS and SHANA DAVIS     :      CIVIL ACTION
                                   :
         v.                        :
                                   :
                                   :
CITY OF CHESTER, et al.            :      NO. 08-3913
```

**MEMORANDUM**

Fullam, Sr. J.                                    October 15, 2009

On September 9, 2009, I granted the defendants' motions for summary judgment in this case involving a fall on an icy sidewalk. The plaintiffs have moved for reconsideration as to one defendant, the City of Chester. The plaintiffs argue that because an overhanging railroad bridge allowed melting snow to fall onto the plaza and freeze and blocked the sun so that the snow and ice remained frozen longer, the snow was an artificial defect or condition of the sidewalk, such that sovereign immunity does not bar the claim against the City. The plaintiffs argue that photographs show the area of the fall icy while the surrounding sidewalks are clear.

I note that the plaintiffs appear to conflate two of the exceptions included in the Pennsylvania Political Subdivision Tort Claims Act: the real property exception and the sidewalk exemption. Under the sidewalk exception, where, as here, the plaintiff fell because of the snow and ice on the sidewalk, there can be no recovery. There is no other condition *of the sidewalk*

that caused the fall.  Cohen v. City of Philadelphia, 847 A.2d 778, 784 (Pa. Commw. Ct. 2004).

As to the real property exception, even with the photographs, there is still no evidence in the record that the design of the plaza or the existence of the railroad bridge created a dangerous condition.  Expert testimony may not be necessary (and the earlier memorandum did not mention it), but there must be some evidence that the bridge created an artificial or dangerous condition.  The fact that ice may melt more slowly in an area shaded by a bridge does not suffice.

Finally, the plaintiffs argue that allowing the City to avoid liability is contrary to public policy.  The Pennsylvania legislature and courts have determined that municipalities are immune from suit except in limited circumstances.  The plaintiffs have not overcome that hurdle.

An appropriate order will be entered.

                                        BY THE COURT:


                                        /s/ John P. Fullam          
                                        Fullam,          Sr. J.